# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

## OCALA DIVISION

| | |
|---|---|
| WILLIAM BELL, | Case No. 5:21-cv-00543-JA-PRL |
| Plaintiff, | |
| v. | |
| EQUIFAX INFORMATION SERVICES, LLC, ROUNDPOINT MORTGAGE SERVICING CORPORATION, | |
| Defendants. | |

**DEFENDANT, ROUNDPOINT MORTGAGE SERVICING CORPORATION'S MOTION TO STAY DISCOVERY PENDING RULING ON ITS MOTION FOR JUDGMENT ON THE PLEADINGS**

COMES NOW, RoundPoint Mortgage Servicing Corporation ("RPMSC" or "Defendant"), one of the Defendants herein, by and through undersigned counsel, and pursuant to Rule 26(c), of the Federal Rules of Civil Procedure, submits this Motion to Stay Discovery Pending Ruling on its Motion for Judgment on the Pleadings, and states as follows:

**INTRODUCTION & BACKGROUND**

1.     On or about November 05, 2021, Plaintiff, William Bell ("Plaintiff") filed his Complaint against the Defendants, Equifax Information Services, LLC ("Equifax") and RPMSC.  (ECF No. 1.)  In his Complaint, Plaintiff alleges that Defendants negligently and willfully violated the Fair Credit Reporting Act, 15 U.S.C.

§ 1681 *et seq.* ("FCRA").  (*Id.* at ¶¶ 27-62.)  Plaintiff claims hinge on allegations that his mortgage account with RPMSC is closed with a zero balance, and yet his credit report continues to list his payment status as "30 days past due," information which Plaintiff asserts is inaccurate.  (*Id.* at ¶¶ 11-15, 18.).

2.  RPMSC filed its Answer and Affirmative Defenses to the Complaint on January 3, 2022.  (ECF No. 22.)

3.  On January 25, 2022, the Court entered its Case Management and Scheduling Order, setting a deadline of November 10, 2022 for completion of discovery.  (ECF No. 24.)

4.  Plaintiff served RPMSC with written discovery requests on February 2, 2022.

5.  On February 28, 2022, RPMSC filed its Motion for Judgment on the Pleadings (the "Motion").  (ECF No. 26).  RPMSC argued that no valid FCRA claim can exist unless there is inaccurate or misleading credit reporting.  (*Id.* at 5-13.)  Here, Plaintiff's argument has been rejected throughout the country, including by every court which has considered it in the Eleventh Circuit, recognizing that a credit report must be considered as a whole, and there is nothing inaccurate or misleading in providing historical negative information when the rest of the reporting clearly demonstrates that no amounts are owed and the loan is closed.  (*Id.* at 6-7.)  Further, Plaintiff cannot seek to remove accurate credit reporting merely because it is negative.

(*Id.* at 13-14.)

6. As Defendant, RPMSC's Motion could eliminate some or all of Plaintiff's claims, a stay of discovery pending a ruling on the Motion.

## ARGUMENT AND MEMORANDUM OF LAW

A preliminary peek at the merits of the Motion demonstrates that it has raised fundamental and well-supported challenges to whether Plaintiff has pled and can state a valid cause of action upon which relief can be granted. The Motion has a substantial likelihood of being granted by this Court, and if that occurs, final judgment will be entered for RPMSC. For this reason, good cause exists to stay discovery pending the adjudication of the Motion.

Matters pertaining to discovery are committed to the sound discretion of the district court. *Patterson v. U.S. Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990). In *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997), the Eleventh Circuit warned of the dangers of allowing a case to proceed through the pretrial processes with a potentially invalid claim. The Eleventh Circuit further held that "when faced with a motion to dismiss a claim for relief that significantly enlarges the scope of discovery, the district court should rule on the motion before entering discovery orders, if possible." *Id.* The *Chudasama* court concluded that, "[t]he court's duty in this regard becomes all the more imperative when the contested claim is especially dubious." *Id.*

In *Lawrence v. Governor of Georgia*, 721 Fed. Appx. 862, 864 (11th Cir. 2018), the Eleventh Circuit affirmed an order granting a stay of pretrial deadlines and procedures while motions to dismiss were pending. In so ruling, the Court noted numerous facial defects in the complaint, including basic pleading requirements, and the district court's "likely lack of subject matter." *Id.* at 864; *see also Hunt v. Nationstar Mortgage, LLC*, 684 Fed. Appx. 938, 945 (11th Cir. 2017) ("the district court did not abuse its discretion in granting the defendants' motion to stay deadlines while their motion to dismiss was pending because the defendants' motion to dismiss could have resolved the issues before the district court and obviated the defendants' need to comply with other deadlines.").

To evaluate whether a stay should be granted, courts consider whether there is a strong likelihood that the motion will be granted, taking a preliminary peek at its merits. *See, e.g., Cabrera v. Progressive Behavioral Sci., Inc.*, 331 F.R.D. 185, 186 (S.D. Fla. 2019); *McCabe v. Foley*, 233 F.R.D. 683, 687 (M.D. Fla. 2006); *Gibbons v. Nationstar Mortg., LLC*, No. 3:14-cv-1315-J-39MCR, 2015 WL 12840959, at *1 (M.D. Fla. May 18, 2015). Additionally, courts should weigh the harm from a delay in discovery with the likely costs and burdens of proceeding with it. *Id.* The party seeking the stay bears the burden of showing good cause and reasonableness. *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997); *Santamaria v. Carrington*

4

*Mortg. Servs., LLC*, No. 6:18-cv-1618-Orl-41GJK, 2020 WL 60178, at *1 (M.D. Fla. Jan. 6, 2020).

This test has been applied with equal vigor to evaluating whether discovery stays are appropriate pending review of other dispositive motions, including motions for judgment on the pleadings. *See, e.g., Khan v. Rundle*, No. 05-23123-CIV-ALTONAGA/Turnoff, 2006 WL 8433502, at *1-2 (S.D. Fla. July 14, 2006); *Café Int'l Holding Co., LLC v. Westchester Surplus Lines Ins. Co.*, No. 20-21641-CIV-GOODMAN, 2021 WL 3278042, at *1-2 (S.D. Fla. April 18, 2021); *Smith v. Univ. Cmty. Hosp., Inc.*, No. 8:18-cv-270-T-AAS, 2018 WL 4907910, at *2 (M.D. Fla. Oct. 10, 2018).

Here, RPMSC's Motion raises fundamental issues concerning whether the Complaint states a valid cause of action for violation of the FCRA. As shown, the credit reporting in question was neither inaccurate nor materially misleading, as has been recognized by numerous courts in the past. A preliminary peek at the merits of the motion therefore demonstrates that it is meritorious and very likely to be granted, and if it is granted, it will require entry of judgment for RPMSC and fully resolve all claims against it. Furthermore, the credit reporting in question is not in dispute, making it purely a legal question for this Court to resolve and rendering discovery irrelevant at this stage of the proceedings. Plaintiff will also not be harmed by a delay in conducting discovery. The discovery cut-off date is not until November 10, 2022,

allowing more than enough time to conduct discovery hereafter in the event the Court denies the Motion. Finally, RPMSC's costs in responding to Plaintiff's written discovery would be significant, with Plaintiff propounding a broad array of requests in the form of requests for admissions, requests for productions, and interrogatories, all far outside the scope of the issues relevant to the Motion.

Accordingly, a stay in discovery is required to prevent the undue burden of potentially needless outlay of both physical and monetary resources by the Parties and the Court. Until such time as this Court rules on RPMSC's Motion, RPMSC should be relieved of the burden and attendant costs of responding to Plaintiff's written discovery.

## CONCLUSION

**WHEREFORE**, Defendant, RPMSC, respectfully requests that the Court stay discovery pending consideration of and ruling on RPMSC's pending Motion for Judgment on the Pleadings. RPMSC further requests any additional relief the Court deems warranted by the circumstances.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(G) AND RULE 26(C)

Undersigned counsel for Defendant, RPMSC, confirms that she has reached out to counsel for Plaintiff, Justin Zeig, Esq., by email on March 2, 2022, to discuss the arguments for entry of a stay of discovery as outlined herein. Plaintiff's counsel has advised that he opposes the relief requested in this Motion.


Respectfully submitted this March 3, 2022.

        **BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**
        100 S.E. Third Avenue, Suite 1620
        Fort Lauderdale, Florida 33394
        Telephone: (954) 768-1600
        Telecopier: (954) 337-7636
        *Counsel for Defendant, RoundPoint Mortgage Servicing Corporation*

By:   */s/ Eve A. Cann*_____
       Eve A. Cann
       Florida Bar No.: 0040808
       *ecann@bakerdonelson.com*
       Spencer D. Leach
       Florida Bar No.: 110753
       *sleach@bakerdonelson.com*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 3, 2022, I served a copy of the *Motion to Stay Discovery Pending Ruling on Motion for Judgment on the Pleadings* electronically via CM/ECF to all parties/attorneys on the list to receive notice in this case, including but not limited to the following:

Justin Zeig, Esq.
ZEIG LAW FIRM, LLC
3475 Sheridan Street, Suite 310
Hollywood, Florida 33021
Telephone: (754) 217-3084
justin@zeiglawfirm.com
*Counsel for Plaintiff*

Jason Daniel Joffe, Esq.
SQUIRE PATTON BOGGS (US) LLP
200 S. Biscayne Blvd., Suite 4700
Miami, Florida 33131
Telephone: (305) 577-7000
Jason.joffe@squirepb.com
*Counsel for Defendant, Equifax Information Services, LLC*

By: */s/ Eve A. Cann*
Eve A. Cann

8